UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Criminal Case No. 21-20757

MICHAEL SAM HURD,              Sean F. Cox
                                                United States District Court Judge

    Defendant.
_____/

**MEMORANDUM OPINION**
**FINDING DEFENDANT COMPETENT TO STAND TRIAL**

In this criminal action, Defendant Michael Sam Hurd ("Hurd") is charged with one count of "Aiming A Laser Pointer At An Aircraft," in violation of 18 U.S.C. § 39A.  After Hurd filed a Notice of Intent to Assert the Defense of Insanity, this Court granted a motion by the Government seeking a mental competency examination.  The Court has since received the written report from Leticia A. Armstrong, Psy. D., L.P., who examined Hurd, and a competency examination hearing took place on December 5, 2023.  As stated on the record on that date, the Court finds that Hurd is competent to stand trial in this action.

**BACKGROUND**

This criminal action was initiated via a criminal complaint filed on May 4, 2021.  The December 16, 2021 Indictment charges Hurd with one count of "Aiming A Laser Pointer At An Aircraft," in violation of 18 U.S.C. § 39A.  The Indictment asserts that on or about August 23, 2020, Hurd "knowingly aimed the beam of a laser pointer at a Detroit Police Department helicopter, an aircraft in the special aircraft jurisdiction of the United States, in violation of 18

1

U.S.C. Sec. 39A." (ECF No. 14 at 1).

Hurd is represented by retained counsel, attorney David Cripps. On April 11, 2023, Defense Counsel filed a "Notice Of Intent To Assert The Defense Of Insanity Pursuant To Fed. R. Crim. P. 12.2" that states:

> Pursuant to Fed.R.Crim. P. 12.2(a), the Defendant Michael Sam Hurd, hereby gives notice that he intends to assert the defense of insanity at the time of the alleged offense. Mr. Hurd reserves the right to file notice of expert witnesses who may provide testimony regarding mental disease, defect and/or condition within the appropriate time period or upon a date otherwise set by the Court.

(ECF No. 30)

On June 8, 2023, the Government filed its "Motion For A Psychiatric Or Psychological Examination To Determine Competency And Or Insanity." (ECF No. 34). This Court granted that motion and, on July 10, 2023, issued an "Order For Psychiatric Or Psychological Examination To Determine Competency And Or Insanity." (ECF No. 37). After obtaining a written report of the psychologist who examined Hurd, this Court held a competency hearing on December 5, 2023.

## ANALYSIS

Rule 12.2(a) of the Federal Rules of Criminal Procedure provides that a "defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing." On April 11, 2023, Defendant Hurd provided such notice to the Government. As such, pursuant to Fed. R. Crim. P. 12.2(c)(1)(A), "upon the government's motion," this Court ordered Defendant "to be examined under 18 U.S.C. § 4242."

Leticia A. Armstrong, Psy. D., L.P., conducted the examination of Hurd and then issued a written report, titled "Psychological Evaluation," wherein she offers the following opinion:

> OPINION ON COMPETENCY
> In answer to the Court's question under Title 18, U.S.C., § 4241(b), there is no objective information available to suggest that Mr. Hurd currently suffers from a mental disease or defect that significantly interferes with his rational or factual understanding of the charges and proceedings against him, or his ability to assist counsel in his defense. These conclusions are made with a reasonable degree of certainty and are based on the results of the record review, the assessments, and the interviews.

(Psy. Eval. Report at 16). In a separate "Psychological Evaluation Addendum," she offers the following opinion:

> OPINION REGARDING MENTAL STATE AT TIME OF OFFENSE
> The defendant did not appear to suffer from a severe mental disease to the extent that he was unable to appreciate the nature, quality, and wrongfulness of his alleged offense conduct.

(Psy. Eval. Add. at 9).

A competency hearing took place on November 29, 2023. That hearing was "conducted pursuant to the provisions of section 4247(d)." 18 U.S.C. §4241(c). A defendant whose mental competency to stand trial is in question has a constitutional right to be present at the hearing to determine competency, and the hearing may not be conducted in the defendant's absence. 18 U.S.C. § 4247(d); FED. PROC. § 22:549, *Hearing and Determination as to Competency*. Section 4247(d) further provides that the defendant whose mental condition is the subject of the hearing "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witness who appear at the hearing."

Defendant Hurd was present at the November 29, 2023 competency hearing. Defendant did not seek to present any witnesses or evidence at the hearing.

It is "well settled that the question of competency of a defendant to stand trial under 18

3

U.S.C. §§ 4244-4246 is to be determined by the district judge alone and that a defendant is not entitled to a trial by jury to determine the issue." *United States v. Davis*, 365 F.2d 251, 256 (6th Cir. 1966).

"The determination of whether a defendant is mentally competent to stand trial is a question left to the sound discretion of the district court, with the advice of psychiatrists [or other professionals]. The medical opinion of experts as to the competency of a defendant to stand trial is not binding on the court, since the law imposes the duty and responsibility for making the ultimate decision of such a legal question on the court and not upon medical experts." FED. PROC. § 22:549, *Hearing and Determination as to Competency; United States v. Davis, supra.*

A person is incompetent to stand trial if he is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C.A. § 4241(d).

This Court, having considered the written report of Leticia A. Armstrong, Psy. D., L.P., and having personally observed Defendant Hurd on several occasions during the course of this action, finds that Defendant Hurd is competent to stand trial in this action.

## CONCLUSION & ORDER

For the reasons set forth above, this Court FINDS that Defendant Hurd is competent to stand trial in this matter.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: December 12, 2023